TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00615-CV






Jaime Cortez, Appellant


v.


Mann Bracken, LLP; and Travelers Casualty and Surety Company

of America, Appellees






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. C-1-CV-09-001395, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



PER CURIAM

 Appellant Jaime Cortez has filed notice of appeal from the trial court's judgment on
June 24, 2009, awarding attorney's fees to Appellees Mann Bracken, LLP, and Travelers Casualty
and Surety Company of America. The clerk of this Court received and filed the trial court clerk's
record on November 18, 2009. The court reporter tendered the reporter's record to the clerk of this
Court for filing on January 5, 2010, including a transcript of the hearing and copies of exhibits from
that hearing that the court reporter obtained from the appellees. The court reporter's certification 
represents that the complete reporter's record consists of the transcript of the hearing on appellees'
motion for attorney's fees and costs held before the trial court on June 24, 2009, and the exhibits
admitted into evidence at that hearing. However, the court reporter and the trial court clerk have
informed this Court that, after a diligent search, the clerk's office has been unable to locate the
original exhibits that were received into evidence at the June 24th hearing and filed of record in the
trial court on June 25, 2009. As a result, this Court is unable to file the reporter's record as
tendered. (1) See Tex. R. App. P. 34.6(a).

 Accordingly, we abate this appeal and remand this cause to the trial court for further
proceedings. See Tex. R. App. P. 34.6(f)(4). Upon remand, the trial court is directed to conduct
further proceedings, including a hearing if necessary, to determine if the lost exhibits can be replaced
either by agreement of the parties or with copies that the trial court determines with reasonable
certainty to be accurate duplicates of the original exhibits. See id. The trial court is thus directed
to: (1) conduct any necessary hearings; (2) order the court reporter to file a corrected reporter's
record of the trial proceedings, including copies of any exhibits admitted into evidence, to the extent
correction is necessary; (3) make and file appropriate findings of fact and conclusions of law to be
included in a supplemental clerk's record; and (4) cause any hearing to be transcribed and included
in a supplemental reporter's record. In the absence of a request for extension of time from the trial
court, the corrected reporter's record of the June 24, 2009, hearing on appellees' motion for
attorney's fees, the supplemental clerk's record, and supplemental reporter's record of the hearing
and proceedings pursuant to this order, and any additional records, including any orders, findings,
and conclusions, shall be sent to the clerk of this Court no later than February 26, 2010. See Tex.
R. App. P. 35.3(c).



Before Justices Patterson, Puryear and Henson

Abated

Filed: January 29, 2010


 















 
1. On January 5, 2010, this Court filed the transcript of the June 24, 2009, hearing as a partial
reporter's record.